IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIO DEPARTMENT OF COMMERCE,
DIVISION OF SECURITIES,

    Plaintiff,

    v.

WESLEY JARVIS,

    Defendant.

Case No. 2:20-cv-908
Judge George C. Smith
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 3). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

### I. BACKGROUND

This case arises out of a securities investigation conducted by Plaintiff pursuant to Ohio Revised Code 1707.23. (Doc. 3 at 1–2). Plaintiff issued a subpoena requiring Defendant to produce certain documents and to appear at a scheduled investigatory hearing, and Defendant failed to comply with the subpoena. (*Id.* at 2)

> This case was then originated in the Franklin County Court of Common Pleas after the filing of an Application for Enforcement of Subpoena by Plaintiff on May 30, 2019. The Magistrate Decision granting the Application was rendered on September 9, 2019. A further Motion for Attachment for Contempt was filed by Plaintiff on December 5, 2019 after the Defendant again failed to produce documents and testimony as requested by the Division. A hearing was held on February 5, 2020 where the Defendant was again ordered by the Court to comply with the properly served subpoena.

(*Id.*); *see also Ohio Dep't of Commerce v. Wesley Jarvis*, 19 MS 000267 (Ohio Com. Pl.) (hereinafter, "State Court Action").

Defendant removed this action to this Court on February 18, 2020. (*See* Doc. 1). Plaintiff filed its Motion to Remand shortly thereafter. The Motion is now fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a state court action when a federal court would have original jurisdiction over the action. The basis for removing a state court case to federal court "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citation omitted). "[R]emoval statutes are to be strictly construed, and all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017), *cert. denied sub nom. Cook v. Mays,* 138 S. Ct. 1557, 200 L. Ed. 2d 743 (2018) (citations and internal quotation marks omitted).

## III. DISCUSSION

Plaintiff argues that this case should be remanded because (1) Defendant's removal was untimely and (2) the Court does not have original jurisdiction over this action. (*See generally* Doc. 3). The Court agrees on both counts.

First, Defendant's notice of removal was untimely. This action was filed in the Franklin County, Ohio Court of Common Pleas on May 30, 2019 and served upon Defendant the same day. *See State Court Action*, Application for Enforcement of Subpoena (Ohio Com. Pl. May 30, 2019); *id.* at 6 (representing, in the Certificate of Service, that Defendant was served by regular mail on May 30, 2019). Defendant was required to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). But Defendant did not file the instant Notice of Removal until February 18, 2020, more than eight months after the filing and service of the State Court Action. Because the Notice was untimely, the Undersigned recommends that this action be remanded to state court. *See Tennco Holdings, LLC v. KingSid Ventures, Ltd.*, No. 218CV02620TLPCGC, 2019 WL 2127326, at *2 (W.D. Tenn. May 15, 2019) (remanding based on untimely filing of notice of removal); *Hazar v. Nationwide Mut. Ins. Co.*, No. 2:16-CV-305, 2016 WL 4471689, at *4 (S.D. Ohio July 27, 2016), *report and recommendation adopted*, No. 2:16-CV-305, 2016 WL 4450842 (S.D. Ohio Aug. 24, 2016) (same).

Second, the Court does not have original jurisdiction over this action. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Diversity jurisdiction requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). While Plaintiff asserts that he "is a citizen of the Kingdom of Heaven where a place has been prepared for his return," (Doc. 1, ¶ 12), there is no question that he is, in fact, a resident and citizen of Ohio, (*see, e.g.*, *id.* at 1 (identifying his address as 572 E. Broad St., Pataskala, Ohio); *id.* at 17 (same); *id.* at 20 (same)). The docket for the State Court Action confirms as much. *See generally State Court Action*, 19 MS 000267 (Ohio Com. Pl.) Plaintiff, an arm of the State of Ohio, and Defendant are, therefore, not diverse, and the Court cannot exercise diversity jurisdiction accordingly. *See* 28 U.S.C. § 1332.

Nor does the Court have federal question jurisdiction over this action. *See* 28 U.S.C.

§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Here, the State of Ohio seeks to enforce a subpoena issued pursuant to state law. *See State Court Action*, Application for Enforcement of Subpoena (Ohio Com. Pl. May 30, 2019). Its application to enforce the subpoena does not arise under any federal authority. The Court lacks federal question jurisdiction as a result.

Defendant's arguments to the contrary are difficult to understand, frivolous, or both. First, he does not attempt to rebut the conclusion that his Notice of Removal was untimely. (*See* Doc. 7 at 12–17). Instead, he contends that it is Plaintiff that has failed to establish that the state court has jurisdiction over this action in the first instance. (*See id.* at 12). But this argument ignores the requirements of § 1446(b)(1).

Second, Defendant does not argue that this Court has diversity jurisdiction over this action. Instead, he contends that the Court has original jurisdiction over this action because it raises a number of federal questions. (*See id.* at 17–21). But none of these alleged federal questions are disclosed on the face of the Application for Enforcement of Subpoena. *See State Court Action*, Application for Enforcement of Subpoena (Ohio Com. Pl. May 30, 2019). And Defendant has not shown otherwise. As a result, he has not met his burden to establish original jurisdiction. *See Eastman*, 438 F.3d at 549.

Third, Defendant offers a frivolous interpleader argument in an attempt to establish jurisdiction under 28 U.S.C. § 1335. Suffice it to say that he has not satisfied the required statutory elements, and his argument fails as a result.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 3) be **GRANTED**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 26, 2020                     /s/Kimberly A. Jolson
                                         KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE